IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CODY HENDERSON,**

    **Plaintiff,**

v.

    **Civil Action 2:23-cv-3979**
    **Judge Michael H. Watson**
    **Magistrate Judge Elizabeth P. Deavers**

**VILLAGE OF NEW HOLLAND,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On February 27, 2024, Plaintiff purported to file an Amended Complaint to allege that "Defendant Darnell Pate Jr. is now deceased." (ECF No. 7.) On March 20, 2024, the Court advised Plaintiff that "Federal Rule of Civil Procedure 25(a) sets forth the procedure to be followed when a party dies during the proceedings," and directed Plaintiff to file a Suggestion of Death within fourteen (14) days, and to serve the Suggestion of Death in a manner consistent with Rule 25. (ECF No. 10.) On April 4, 2024, Plaintiff filed a Suggestion of Death Upon the Record Under Rule 25(a)(1) and Motion for Substitution of Party. (ECF No. 13 (the "Suggestion of Death").) On April 25, 2024, the Court found that the Suggestion of Death was deficient insofar as it failed to "identify the successor or representative of the deceased," and again directed Plaintiff to file a Suggestion of Death in a manner consistent with Rule 25 within fourteen (14) days. (ECF No. 20.) In both the March 20, 2024 and April 25, 2024 Orders, the Court advised Plaintiff that "failure to timely comply with [the] Order[s] may result in the dismissal of [Plaintiff's] claims against Defendant Pate." (ECF Nos. 10, 20.)

To date, however, Plaintiff has failed to file a Suggestion of Death in a manner consistent with Rule 25, as the Court directed. Accordingly, under the circumstances presented in the

instant case, the Undersigned recommends dismissal of Plaintiff's claims against Defendant Pate with prejudice pursuant to Federal Rule of Civil Procedure Rule 21. *See* Fed. R. Civ. P. 21 ("[O]n its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party."). The Court's inherent authority to dismiss a plaintiff's *action* because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted). Here, the Undersigned does not believe that dismissal of Plaintiff's *action* would be appropriate – only the dismissal of Plaintiff's claims against Defendant Pate. The Undersigned therefore believes that Rule 21, not Rule 41, is the appropriate procedural vehicle for such action.[1]

---

[1] The United States Court of Appeals for the Sixth Circuit has suggested, without conclusively deciding, "that dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21" as opposed to Rule 41. *AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) (citing *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265–66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008)); *see also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim' . . . . [Rule 21] is the one under which any action to eliminate [individual defendants] should be taken."); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012) (finding that Rule 21 is proper procedural vehicle to dismiss individual claims or parties).

On March 20, 2024, and April 25, 2024, the Court expressly cautioned Plaintiff that failure to comply with the Court's Orders may result in the dismissal of his claims against Defendant Pate. (ECF Nos. 10, 20.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While the Court is mindful of Plaintiff's *pro se* status, dismissal of Plaintiff's claims against Defendant Pate is nevertheless appropriate given Plaintiff's failure to comply with the readily-comprehendable deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant Pate **WITH PREJUDICE** under Rule 21(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties their objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails

3

to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: September 17, 2024**             /s/ *Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **UNITED STATES MAGISTRATE JUDGE**